OPINION OF THE JUSTICES OF THE SUPREME COURT IN
RESPONSE TO QUESTIONS PROPOUNDED BY THE
GOVERNOR OF DELAWARE.

(*May* 6, 1963.)

To His Excellency Elbert N. Carvel,
Governor of Delaware:

Receipt is acknowledged of your letter of April 22,
1963, requesting the opinion of the members of this Court
upon two questions therein set forth.

These questions concern the provisions of the recent
amendment to Article II of the Constitution of Delaware,
effective January 17, 1963, relating to the composition of
the houses of the General Assembly of the State.

Section 5 of the amendatory act adds to Section 2 of
Article II a new Section 2A. This new Section 2A creates
additional representative districts. Any existing district
with a population in excess of 15,000 is entitled to an ad-
ditional Representative for each additional 15,000 of pop-
ulation or major fraction thereof. Each such representa-
tive district is to be subdivided into new districts from
which the representatives shall respectively be chosen. The
redistricting is to be done after each federal decennial
census.

The task of subdividing the districts is to be done by
a Redistricting Commission consisting of the Governor
and the State Chairmen of the two principal political par-
ties.

It is next provided as follows:

"Within 120 calendar days following the official re-
porting to the President of the United States of each de-

cennial census, (or within 120 calendar days after this amendment takes effect) the Governor, on behalf of the Commission, shall file with the Secretary of State the plan for redistricting and reapportioning as provided for herein. Forthwith, after the filing, the Governor shall issue a proclamation of redistricting and reapportioning. The Secretary of State shall cause such proclamation to be published in two newspapers of general circulation within the State for two consecutive weeks, within 20 days after the issuance of the proclamation. The proclamation shall become effective within 30 days of its issuance."

We understand the fact to be that as of the date of your letter you had not, on behalf of the Redistricting Commission, filed with the Secretary of State the required plan, which, we are informed, had not then been agreed to. The period of 120 calendar days prescribed by the statute will expire May 16, 1963.

On April 17, 1963, the United States District Court for the District of Delaware filed an opinion in the case of *Richard Sincock, et al., Plainitffs, v. William Duffy, Jr., et al., Defendants,* Civil Action No. 2470, holding that the provisions of Section 2 of Article II of the Constitution of the State of Delaware, as originally set forth in the Constitution of 1897, and as amended by the act of January 17, 1963, are unconstitutional under the equal protection clause of the Fourteenth Amendment to the Constitution of the United States.

In the light of the foregoing, you ask the following questions:

"1. Is the Governor required to issue a proclamation of redistricting and reapportioning pursuant to Section 2, Article II, Constitution of the State of Delaware, on or before May 17, 1963, assuming the status of this case re-

mains the same on May 17, 1963, as it is on this date?

"2. Are there any reasonably foreseeable events which might occur prior to May 17, 1963, which would reverse such opinion as you render on Question 1, such as the issuance of a final decree by the United States District Court, motion for reargument before said District Court, an appeal to the United States Supreme Court?"

Since the date of your letter the District Court has entered a judgment in the case above referred to. A copy of that judgment is enclosed.

The judgment is a declaratory judgment, and no other relief is as yet granted to the plaintiffs. In particular, no injunction has been granted, although the court has reserved jurisdiction to do so hereafter if it shall deem such relief necessary and proper.

The first question you have posed is based upon the assumption that the status of the case in the District Court remains the same on May 17. Since the status of the case has been changed by the entry of judgment, your first question is moot.

The second question concerns, in effect, the duty of the Governor under the new Section 2A of Article II of the Constitution in respect of the filing and promulgation of the redistricting plan referred to in the Section. In the light of the decision of the Federal District Court in the Sincock case, should the Governor take the steps contemplated by Section 2A, or should he treat the section as completely void and of no effect?

It is apparent from the judgment itself that the case is not finally disposed of. By paragraph 3 all pending motions are held in abeyance. Moreover, the judgment cannot be regarded as final, for the present purpose, because

an appeal may be taken within the time allowed for the purpose, and it is possible that the judgment may be reversed or modified. Until the time for appeal has passed, therefore, it cannot be said that the judgment is final for all purposes. Compare *Steiner v. Simmons,* 35 Del. Ch. 83, 89.

Finally, no injunctive relief has been granted, as above noted.

In these circumstances, particularly since the Governor is not a party to the suit in the District Court, we are of opinion that it is the duty of the Governor to obey the mandate of Section 2A and to proceed with the steps therein set forth.

We venture to add, however, a suggestion with respect to the proclamation contemplated by Section 2A. If and when it is issued, it should, we think, make specific reference to the holding of the Federal District Court, and to the serious doubt as to validity that must attend any further steps under Section 2A. Such a course seems to us to be desirable for the information of the citizens of the State, and also as a seemly manisfestation of regard for the decision of the District Court of the United States for the District of Delaware.

Respectfully submitted,

CLARENCE A. SOUTHERLAND
Chief Justice

DANIEL F. WOLCOTT
Associate Justice

CHARLES L. TERRY, JR.
Associate Justice